**FILED**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

' 2010 SEP 24  A. II: 39

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

PETER CAMPBELL,

     Plaintiff,

vs.

3:10-CV-876-J-34TEM

JERAD HANDLEY and CENTURY
AMBULANCE SERVICE, INC.,

     Defendants.

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1332, 1441 and 1446 and Rule 4.02 of the local rules of the United States District Court, Middle District of Florida, the Defendant, JERAD HANDLEY and CENTURY AMBULANCE SERVICE, INC., remove this case from the Circuit Court of the Fourth Judicial Circuit, in and for Nassau County, Florida, to the United States District Court for the Middle District of Florida, Jacksonville Division. Defendants state the following grounds for removal:

1.     A true copy of the Complaint, together with a copy of all process, pleadings, and orders served upon the Defendants in the Circuit Court of the Fourth Judicial Circuit, in and for Nassau County, Florida, are attached to this Notice as Exhibit "A". Service was perfected upon the Defendants on April 1, 2010.

2.     This matter is between citizens of different states.

3.     The Plaintiff is/was a resident of Kingsland, Camden County, Georgia.

4.     Defendant, Jerad Handley, is/was a resident of Jacksonville, Duval County, Florida.

5.     The Defendant, Century Ambulance Service, Inc., is a Florida corporation, with its principal place of business in Jacksonville, Duval County, Florida.

6.     Complete diversity existed between the Plaintiff and the Defendants at the time the Plaintiff commenced this action in state court, and exists at the time this Notice is filed.

7.     The allegations of the Complaint merely allege damages "that exceed Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorneys' fees." However, the Plaintiff's Response to Defendants' Requests for Admissions (served by U.S. mail, August 25, 2010) now evidences the matter in controversy exceeds the value of $75,000.00, exclusive of costs and interest.

8.     Because the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs, and because the parties are citizens of different states, this Court has original jurisdiction over this civil action. 28 U.S.C. §1332(a). Accordingly, this matter may be removed to this Court, which "embraces" the Fourth Judicial Circuit, in and for Nassau County, Florida. 28 U.S.C. §1441(a).

9.     These Defendants will promptly serve counsel for the Plaintiff with the Notice of Removal and file a copy of the Notice with the Clerk of the Circuit Court of the Fourth Judicial Circuit, in and for Nassau County, Florida.

WHEREFORE, the Defendants, Jerad Handley and Century Ambulance Service, Inc., request that the above-styled action be removed from the Circuit Court of the Fourth Judicial Circuit, in and for Nassau County, Florida to the United States District Court for the Middle District of Florida.

Dated: _____9/24/10_____

HOWELL & O'NEAL

JOHN MOFFITT HOWELL
Florida Bar No.: 243027
One Independent Drive, Suite 2902
Jacksonville, Florida 32202
(904) 353-0024
(904) 353-0061 (Fax)
Attorneys for Defendants Handley and
Century Ambulance

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to:

Megan L. Searls, Esq., 76 South Laura Street, Suite 1100, Jacksonville, FL 32202, by U.S. Mail,

this 24th day of September, 2010.

ATTORNEY

3

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.: 10-CA-235
DIVISION: A

PETER CAMPBELL,

     Plaintiff,

vs.

JERAD HANDLEY and
CENTURY AMBULANCE SERVICE, INC.,

     Defendants.

_____/

SECURITY FIRST DOCUMENT SERVICES, INC.
15 N. OCEAN STREET
JACKSONVILLE, FL 32202
(904) 356-1355

SERVED BY: _____
SPECIAL PROCESS SERVER # ___ 2 5
TIME: 10:30A
DATE: 4-1-10

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or
Petition, Interrogatories and Request for Production in the above-styled cause upon the Defendant:

### CENTURY AMBULANCE SERVICE, INC.
### C/O HERBERT SELLERS, REGISTERED AGENT
**2144 Rosselle Street**
**Jacksonville, FL 32204**

Each Defendant is hereby required to serve written defenses to said Complaint or Petition on
**Megan D. Searls, Esquire, Morgan & Morgan, P.A., 76 South Laura Street, Suite 1100,
Jacksonville, Florida 32202, Telephone (904) 398-2722, within twenty (20) days after service
of this Summons upon you,** exclusive of the day of service, and to file the original of said written
defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately
thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the
Complaint or Petition.

In accordance with the Americans With Disabilities Act, persons with disabilities needing a special
accommodation to participate in this proceeding should contact Court Administration, 330 E. Bay St., Rm.
220, Jacksonville, FL 32202 at 904/630-2564 no later than 5 business days prior to the proceeding. If hearing
impaired, please contact (TDD) 1-800-955-8771 or Voice (V) 1-800-955-8770 via Florida Relay Service.

WITNESS my hand and seal of this Court on this _____ day of _____, ____.

MAR 2 2 2010



John A. Crawford
Clerk of the Circuit Court

By /s/ Arielle Wilson
As Deputy Clerk

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney." (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o Voice (V) 1-800-955-8770, via Florida Relay Service"

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities". Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou (TDD) 1-800-955-8771 ou Voice (V) 1-800-955-8770, via Florida Relay Service.

**MORGAN & MORGAN, P.A.**
**Megan D. Searls, Esquire**
**76 South Laura Street, Suite 1100**
**Jacksonville, Florida 32202**
**(904) 398-2722**



## Nassau County
# Clerk Of Courts Online Access

## Case Detail Information

| | |
|---|---|
| Case Name: | CAMPBELL VS HANDLEY |
| Case #: | 45-2010-CA-000235-AXXX-YX |
| Current Judge: | Brian J Davis |
| Case Type: | AUTO NEGLIGENCE |
| Case status: | OPEN |
| Filing Date: | 3/22/2010 Status Date: 3/22/2010 |
| Party Status Date: | 3/22/2010 |
| Balance Owed: | $0.00 |

## Parties to this Case

| Party Type | Party Name | Attorney Code | Home Address |
|---|---|---|---|
| PLAINTIFF | CAMPBELL PETER | DE1784 | Not on File |
| DEFENDANT | HANDLEY JERAD | | 7450 HIELO DRIVE JACKSONVILLE , FL 32211 |
| DEFENDANT | CENTURY AMBULANCES SERVICE INC | | Not on File |

## Register of Actions

| Event Date | Seq # | Event | Comment | Amount | Event Category |
|---|---|---|---|---|---|
| 3/22/2010 | 1 | FF: CIRCUIT CIVIL NEW | | $400.00 | FINANCIAL |
| 3/22/2010 | 1 | ASM: CIRCUIT CIVIL NEW | | $400.00 | |
| 3/22/2010 | 2 | FF: SUMMONS ISSUED CA DR DP | | $20.00 | FINANCIAL |
| 3/22/2010 | 2 | ASM: SUMMONS ISSUED CA DR | | $10.00 | FINANCIAL |
| 3/22/2010 | 3 | OPN: COMPLAINT | | | COMPLAINTS/PETITIONS |
| 3/22/2010 | 4 | SCANNED DOCUMENT OPEN | CMPLT | | |
| 3/22/2010 | 5 | NOTICE SERVING INTERROGATORIES | CENTURY AMBULANCE SVC | | NOTICES |
| 3/22/2010 | 6 | NOTICE SERVING INTERROGATORIES | JERAD HANDLEY | | NOTICES |
| 3/22/2010 | 7 | REQ FOR PRODUCTION/TO PRODUCE | CENTURY AMBULANCE SVC | | MISCELLANEOUS |
| 3/22/2010 | 8 | REQ FOR PRODUCTION/TO PRODUCE | JERAD HANDLEY | | MISCELLANEOUS |
| 3/22/2010 | 9 | SUMMONS ISSUED | JERAD HANDLEY | | SUMMONS/SUBPOENAS |
| 3/22/2010 | 10 | SUMMONS ISSUED | CENTURY AMBULANCES SVC | | SUMMONS/SUBPOENAS |
| 5/10/2010 | 1 | REQ FOR PRODUCTION/TO PRODUCE | | | MISCELLANEOUS |
| 5/10/2010 | 2 | NOTICE PROPOUND INTERROGATORIE | | | NOTICES |
| 5/10/2010 | 3 | ANSWER/RESPONSE | | | MISCELLANEOUS |
| 5/13/2010 | 1 | NOTICE OF HEARING | 060410 930AM | | |
| 5/20/2010 | 1 | RESPONSE TO RQST/PRODUCTION | | | ANSWER/RESPONSE |
| 5/20/2010 | 2 | REQUEST FOR ADMISSIONS | | | MISCELLANEOUS |
| 6/4/2010 | 1 | NOTICE OF CANCELLATION | 060410 930AM | | NOTICES |

9/24/2010

Nassau County Civil/Criminal/Traffic Pu...

## Calendar Activity

Court Date/Time  Event Description  Courtroom location

| Date | # | Description | Event | Category |
|------|---|-------------|-------|----------|
| - 6/18/2010 | 1 | NOTICE ANSWERING INTERROGATORY | | NOTICES |
| 6/18/2010 | 2 | RESPONSE TO RQST/PRODUCTION | | ANSWER/RESPONSE |
| 6/22/2010 | 1 | NOTICE OF SERVICE | PROPOSAL SETTLEMENT | NOTICES |
| 7/19/2010 | 1 | ATTN: MOTION TO COMPEL | | MOTIONS |
| 7/23/2010 | 1 | NOTICE OF HEARING | 081610 930AM | |
| 8/19/2010 | 1 | NOTICE OF HEARING | 090210 445PM | |
| 8/20/2010 | 1 | RESPONSE TO RQST/PRODUCTION | | ANSWER/RESPONSE |
| 8/20/2010 | 2 | NOTICE ANSWERING INTERROGATORY | | NOTICES |
| 8/26/2010 | 1 | ORDER SET JURY/TRIAL PRE-TRIAL | TRIAL 021411 930AM; Additional Comments - PRETRIAL 020111 1030AM | ORDERS |
| 8/26/2010 | 2 | CORRESPONDENCE/MEMO FROM JUDGE | 082610 M COULSON | MISCELLANEOUS |
| 8/30/2010 | 1 | RESPONSE TO RQST/ADMISSIONS | | ANSWER/RESPONSE |
| 8/31/2010 | 1 | NOTICE ANSWERING INTERROGATORY | | NOTICES |
| 9/2/2010 | 1 | NOTICE OF CANCELLATION | HRG 090210 445PM | NOTICES |

--[END of case detail information]

New Search

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.:
DIVISION:

PETER CAMPBELL,

     Plaintiff,

vs.

JERAD HANDLEY and
CENTURY AMBULANCE SERVICE, INC.,

     Defendants.

_____/

## FIRST REQUEST TO PRODUCE TO DEFENDANT
## CENTURY AMBULANCE SERVICE, INC.

Pursuant to Rule 1.350, Florida Rules of Civil Procedure, Plaintiff, **PETER CAMPBELL,**

by and through her undersigned counsel, requests that Defendant, **CENTURY AMBUALNCE**

**SERVICE, INC.,** produce for inspection or copying the documents set forth below.  Defendant

shall produce these documents at 76 South Laura Street, Suite 1100, Jacksonville, Florida 32202

within forty-five (45) days after service of this Request to Produce.

### I. Definitions

As used throughout this Request to Produce, the following terms are defined as follows:

A.    "Document" is used in the broad sense and means any tangible object or thing that
contains, conveys, or records information. Production is required of the <u>original,</u> or
any copy if the original is not available, of any book, record, minutes of meetings,
reports and/or summaries of interviews, reports and/or summaries of investigations;
opinions or reports of consultants; opinions of counsel; communications of any
nature, including internal company communications, memoranda, telegrams, telexes,
letters, notes of telephone conferences, agreements, reports or summaries of
negotiations, brochures, pamphlets, advertisements, circulares, trade letters, press
releases, drafts and revisions of drafts of documents, any written, printed, typed or
other graphic matter of any king or nature, drawings, photographs, paper,
communication, chart, tap, disk, card, wire or other electronic or mechanical

recording or transcript or any other instrument or device from which information can be perceived, in the employees or agents, or known by Plaintiff to exist, unless otherwise privileged.

"Document" also includes copies containing information <u>in addition to that contained on the original</u> (such as notations, computations, attachments, etc.), and shall include all copies of documents by whatever means made and whether or not claimed to be privileged or otherwise excludable from discovery. To the extent that a request that a request calls for the production of multiple identical documents or things, only one copy of each such identical documents or things need be produced. Two copies are not identical if one of the copies has any information, writing, printing, or other marks not present on the other of the copies.

If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, such documents as are necessity for the decoding, putting back, printing out and/or interpretation thereof, and any other documents which are necessity to convert such information into a useful and necessity to convert such information into a useful and usable format shall also be produced, in order to make this request under Rule 1.350 meaningful and genuine.

B.    "Person" means any natural person, public or private corporation (whether or not organized for profit), partnership, unincorporated association, governmental agency or body, or other legal entity.

C.    "Company" means any business or governmental entity to which this request is addressed and includes all of its affiliated, subsidiaries, parents, divisions, successors in interest, and predecessors as well as all of its directors, officers, principals, partners, employees, agents, representatives, attorneys, any other persons working for or on behalf thereof, whether temporary or permanent, and any "person" in which Plaintiff has acquired an interest.

D.    "Statement" means (1) any written statement made by any person and signed or otherwise adopted or approved by him; or (2) any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by that person and recorded contemporaneously with the making of such oral statement.

E.    As may be used in these Request "and" is conjunctive (meaning, e.g., A <u>and</u> B); and "or" is disjunctive and inclusive (meaning, e.g., A or B, or both). No answer should be withheld, or limited, because it refers or relates to only one, or to more than one, item in a request.

F.    As may be used in this Request to Produce, the terms "trademark" and "service mark" shall be considered interchangeable, and the term "mark" shall be considered to refer to any trademark, service mark, trade name, or business designation, or any other word, symbol, design, logo, title, or slogan used to identify the source of origin

of products or services. References to 'products" or "goods" shall be considered to include services.

## II. Claim of Privilege

If any document or statement is withheld from this request under a claim of privilege, then please furnish a list which identifies each document or statement for which privilege is claimed and include the following information for each such document:

1.  Description sufficient to identify.

2.  The date(s).

3.  The subject matter(s).

4.  The sender(s) or author(s).

5.  The recipient(s).

6.  The persons to whom copies were furnished, together with their job titles.

7.  The present depository or person having custody of the document.

8.  The nature and basis of privilege or immunity claimed.

9.  The paragraph(s) of this request to which each such document or statement relates or corresponds.

## III.  Grouping or Numbering of Items Produced

Pursuant to Fla. R. Civ. P. 1.350, it is requested that the document or other items submitted in response to this Request to Produce be organized and labeled according to the individual paragraphs of the request to which they are responsive, and within each group, arranged in chronological order.

## IV.  Place, time, and manner of response

A response to this Request to Produce is due within forty-five (45) days after service of this Request to Produce and shall be made at the offices of Morgan & Morgan, P.A., 76 South Laura Street, Suite 1100, Jacksonville, Florida 32202, or at such other place as the parties may agree.  Authentic copies of document may be supplied, provided that existing originals are available for inspection, examination, and comparison.

## DEFENDANT CENTURY AMBULANCE SERVICE, INC. SHALL PRODUCE THE FOLLOWING ITEMS AND MATTERS:

1.    All statements made by any occupants of the vehicles involved in the subject incident.

2.    All statements made by any witnesses to the subject accident.

3.    All statements made by the Plaintiff pertaining to or concerning the subject matter.

4.    All photographs of the vehicles involved in the subject accident *.

5.    All photographs of the Plaintiff depicting injuries received in the subject accident.*

6.    All photographs of the subject accident scene.*

7.    Any and all policies of liability insurance in effect on the date of the subject accident, providing coverage to the defendant herein.

8.    Appraisals of all property damage sustained by Defendant's vehicle in the subject accident.

9.    Appraisals of the property damage sustained by Plaintiff's car in the subject accident.

10.   A copy of any and all surveillance films, photos, or depictions taken of the Plaintiff as a result of the subject accident.

11.   A copy of any and all insurance agreements, insurance policies or agreements of any kind or nature under which any person or company carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

I HEREBY CERTIFY that a true copy of the foregoing has been furnished to the Defendant, together with the Summons and Complaint.

MORGAN & MORGAN, P.A.

Megan D Searls, Esquire
Florida Bar No. 0794341
76 South Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone / (904) 398-2722
Facsimile / (904) 398-2334
Attorneys for Plaintiff

*Plaintiff will pay for cost of colored reproduction.

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.:
DIVISION:

PETER CAMPBELL,

     Plaintiff,

vs.

JERAD HANDLEY and
CENTURY AMBULANCE SERVICE, INC.,

     Defendants.

_____/

## NOTICE OF SERVICE OF INTERROGATORIES TO
## DEFENDANT CENTURY AMBULANCE SERVICE, INC.

Pursuant to Rule 1.340, Florida Rules of Civil Procedure, you are required to answer the
following Interrogatories in writing and under oath within forty-five (45) days from the date of
service.

**I HEREBY CERTIFY** that an original and one copy of the Interrogatories numbered one
(1) through fourteen (14) have been furnished to the Defendant together with the Summons and
Complaint.

MORGAN & MORGAN, P.A.

Megan D. Searls, Esquire
Florida Bar No. 0794341
76 South Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone / (904) 398-2722
Attorneys for Plaintiff

## DEFINITIONS AND INSTRUCTIONS

1.    For the purposes of these interrogatories, "you," "your," and "Defendant" means CENTURY AMBULANCE SERVICE, INC.

2.    As used in these interrogatories, "document" or "documents" means the original and all copies of the original which differ in any respect from the original (whether by interlineation, draft copy, notations written thereon, indication of copies sent or received or to whom routed, or otherwise) of any letter, correspondence, pamphlet, memorandum, handwritten note, work paper, video, photograph, microfilm, report, contract, chart, paper, drawing and any other written, recorded or transcribed matter of any description, however produced or reproduced, and all supplements and amendments thereto.

3.    As used in these interrogatories, "identify all documents" means: (a) describe the documents by generic type (e.g., invoice, debit memo) and also specifically (e.g., name of the document, number of pages, summary of its substance); (b) state any identification number on each document; (c) state where each document is currently kept and where it has been kept since its creation; and (d) state the name, address, phone number, date of birth, social security number of the present custodian, all past custodians, and the dates during which each custodian had custody of each document. Please follow procedures (a)-(d) for each document which originated with **DEFENDANT**, or anyone else who generated documents relevant to this litigation and responsive to these interrogatories.

4.    You have the burden of proving any objection that you make to an interrogatory.

5.    If you claim that a privilege (attorney-client, work product, trade secret, etc.) prevents you from answering an interrogatory or identifying a document, please state the nature of the privilege and the grounds for its assertion. In addition, if you claim that a privilege prevents the production of a document, identify the document as described in Paragraph 3 and all persons, whether natural or artificial, who received or reviewed the document.

6.    If you fail to answer an interrogatory on the grounds that an interrogatory is unduly burdensome or will cause you great expense, please explain why and supply as much information as you can that is not unduly burdensome or too expensive to obtain.

7.    If you fail to answer an interrogatory on the grounds that an interrogatory is not calculated to lead to admissible evidence, please explain why you believe it does not meet this broad standard.

8.    If you fail to answer an interrogatory on any other grounds, please explain why.

## INTERROGATORIES TO DEFENDANT CENTURY AMBULANCE SERVICE, INC.

1. Please state your name, address, and if you are answering for someone else, your official position?

2. Describe in detail, each act or omission on the part of Plaintiff you contend constituted negligence that was a contributing legal cause of the accident in question?

3. List all the names and addresses of all persons believed or known by you, your agents or attorneys to have any knowledge concerning any of the issues raised by the pleadings and specify the subject matter about which witness has knowledge.

4. List the name, residence address, business address and telephone number of each person believed or known by you, your agents or attorneys to have heard of who is purported to have heard the Plaintiff make any statement, remark or comment concerning the incident described in the Complaint and the substance of each statement, remark or comment.

5. Did any mechanical defect regarding the vehicle in question contribute to the occurrence of the accident? If so, what was the nature of the defect?

6.    Are you aware of any physical infirmity, disability or sickness that the Defendant driver was suffering at the time of the occurrence of the accident described in the Complaint? If so, what was the nature of the infirmity, disability or sickness?

7.    Are you aware of any alcoholic beverages consumed or any drugs or medication taken by the Defendant driver within 12 hours before the occurrence of the accident described in the Complaint? If so, what type and amount of alcoholic beverages, drugs or medications were consumed and where were they consumed?

8.    Do you know if the Defendant driver wears glasses or contact lenses?

9.    Was the Defendant driver charged with any violation of the law arising out the incident referred to in the Complaint? If so:

   (a)    what plea did he/she enter to the charge;

   (b)    what court was the charge heard in;

   (c)    what was the nature of the charge;

   (d)    was the testimony at any trial on the charge recorded in any manner, and, if so, what was the name and address of the person who recorded the testimony?

10. Did you have liability insurance coverage that protects you from the damages sought by the Complaint? If so:

    (a)    what is the name of the insurance company having the coverage;

    (b)    what is the extent of coverage provided in the policy or policies of insurance, including coverage for both personal injury and property damage;

    (c)    what is the policy number of each policy?

11. List the names and addresses of all persons or corporations who were registered title owners or who had any legal or equitable interest in the motor vehicle that you were driving on the date of the accident described in the complaint.

12. Has the Defendant driver ever been convicted of a crime? If so, what was the date and place of conviction?

13. Describe in detail how you understand the accident to have happened, including all actions taken by Defendant driver to prevent the accident.

14. Do you intend to call any non-medical expert witnesses at the trial of this case? If so, please identify each witness; describe his qualifications as an expert; state the subject matter upon which he is expected to testify; state the substance of the facts and opinions to which he is expected to testify, and give a summary of the grounds for each opinion.

**CENTURY AMBULANCE SERVICE, INC.**

_____
Date

STATE OF _____

COUNTY OF _____

    BEFORE ME, the undersigned authority, personally appeared **CENTURY AMBULANCE SERVICE, INC.** who is personally known to me or who furnished identification in the form of _____, and who, after being first duly sworn, deposes and says that the foregoing is true and correct to the best of his knowledge, information and belief, and that he subscribed his name hereto in certification thereof.

_____
Date

_____
NOTARY PUBLIC

_____
TYPE OR PRINT NAME

My Commission Expires:

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.: 10-CA-235
DIVISION: A

PETER CAMPBELL,

     Plaintiff,

vs.

JERAD HANDLEY and CENTURY
AMBULANCE SERVICE, INC.,

     Defendants.

_____/

## NOTICE OF PROPOUNDING DEFENDANTS'
## FIRST SET OF INTERROGATORIES TO PLAINTIFF

     Defendants, Jerad Handley and Century Ambulance Service, Inc.,

hereby give notice of propounding its First Set of Interrogatories to Plaintiff,

Numbered 1 through 23, by serving the original and one copy to Megan L.

Searls, Esq., 76 South Laura Street, Suite 1100, Jacksonville, FL 32202, this

_____ day of May, 2010.

                HOWELL & O'NEAL

                JOHN MOFFETT HOWELL
                Florida Bar No.: 243027
                One Independent Drive, Suite 2902
                Jacksonville, Florida 32202
                (904) 353-0024
                (904) 353-0061 (Fax)
                Attorneys for Defendants Handley
                and Century Ambulance

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.: 10-CA-235
DIVISION: A

PETER CAMPBELL,

     Plaintiff,

vs.

JERAD HANDLEY and CENTURY
AMBULANCE SERVICE, INC.,

     Defendants.

_____/

## DEFENDANTS' FIRST SET OF
## INTERROGATORIES TO PLAINTIFF

     In accordance with the applicable rules and statutes governing practice and procedure in this Court, you are required, within the time provided thereby, to answer under oath and in writing the following Interrogatories:

1.     Please state:  your full name; your residence address; your date of birth; your Social Security Number; and your driver's license number.

2.     List all former names and when you were known by those names. State all addresses where you have lived for the past ten years, the dates you lived at each address, and if you are or have ever been married, the name of your spouse or spouses.

3.    Please state the name and address of each person known or reasonably felt by you, your attorney, or other representative, who:

    (a)    Was an eyewitness to the incident described in the Complaint herein;

    (b)    Was not an eyewitness but has knowledge concerning any of the facts pertaining to either the damages or the accident or occurrence herein involved;

    (c)    Has possession or control of any model, map, drawing or photograph relating to the facts in this case, and if so, briefly describe such model, map, drawing or photograph, and what it purports to represent;

    (d)    State briefly what each person mentioned above knows about this incident.

4.    State the names, addresses, employers, work positions and field of expertise of all experts, technicians, analyzers, engineers, appraisers and other persons known to you to have made studies or analyses as to the cause of the incident involved herein and the injuries or damage suffered by Plaintiff.

5.    As to each person that you expect to call as an expert witness at the trial of this cause, please state:

    (a)    The name and address of this person and the subject matter on which the expert is expected to testify;

    (b)    The substance of the facts and opinions to which your expert is expected to testify;

    (c)    Give a summary of the grounds for each opinion; and

    (d)    Which, if any, of the above listed expert witnesses have rendered a written report concerning their opinions and the name and address of the person presently in possession of such report.

6.    Please describe in detail all injuries sustained by you in the incident described in the Complaint.

7.    With regard to medical treatment or examination which you received for the alleged injuries, please state:

    (a)    The name and address of the first doctor you saw following the incident described in the Complaint and the date you first contacted said doctor;

    (b)    The name and address of each doctor who has treated or examined you and the dates of such treatment;

    (c)    The name and address of the hospital or other place of treatment or examination and the dates you were confined therein;

    (d)    The name and address of the doctor or doctors still treating you at this time, if any.

8.    If you have not recovered from your alleged injuries, state how they are affecting you at this time and the nature of any disabilities from such injuries.

9.    If you have been involved in any accident or incident of any kind either before or after the incident described in the complaint in which personal injury or property damage was sustained, please state:

    (a)  The place and date of each of said accidents or incidents;

    (b)    The exact injuries you may have received and the name and address of each and every physician who examined or treated you for each of such injuries.

10.    List the names and addresses of your employers during the past ten years and state the job held by you and what your duties were, with dates showing the beginning and end of each such work.  If self employed, give the information for said periods of self-employment.

11.    If you, your attorney, your insurance carrier or anyone acting on your or their behalf obtained statements in any form from any person regarding any of the events or happenings that occurred at the scene of the incident referred to in the Complaint before, at the time of, or after said incident, state:

    (a)    The name and address of the person from whom any such statements were taken and the dates on which such statements were taken;

    (b)    The names and addresses of the persons and employers of such person who took such statements;

    (c)    Whether such statements were written, by recording device, by court reporter or stenographer.

12.    Please itemize by name and address all medical bills paid or incurred by you in connection with the incident described in the Complaint, including but not limited to, the cost of ambulance, doctor's bills, cost of x-rays, hospital expenses, nurses' expenses, cost of medicines, cost of surgical apparatus, and any other costs.

13.    Please itemize any other expenses or financial losses which you have paid or incurred which you attribute to the incident described in the Complaint and further state whether or not you are claiming any other elements of damages not heretofore listed, and if so, state the element of damages for which you are seeking recovery and the amount thereof and the basis for computing same.

14.  Describe in detail, each act or omission on the part of Defendant you contend constituted negligence that was a contributing legal cause of the accident in question.

15.  Describe in detail how the accident happened, including all actions taken by you to prevent the accident.

16.  Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place, and substance of each statement.

17.  Did you consume any alcoholic beverages or take any drugs or medications within 12 hours before the occurrence of the accident described in the complaint?  If so, what type and amount of alcoholic beverages, drugs or medication were consumed and where did you consume them?

18.  Have you ever been convicted of a crime?  If so, what was the date and place of conviction?

19.  Do you wear glasses or contact lenses?  If so, who prescribed them, when were they prescribed, when were your eyes last examined and by whom?

20.   Do you wear a hearing aid?  If so, who last examined your ears?

21.   Have any benefits been paid or are any payable for the expenses listed in your answers to interrogatories 12 and 13 above?  If so, which expenses are covered by insurance, what type of insurance, and who paid the premium for the insurance.

22.   List the names, business addresses and business telephone numbers of all medical doctors by whom, and all hospitals at which, you have been examined and/or treated in the past ten years.

23.   Please state if you have ever been a party, either Plaintiff or Defendant, in a lawsuit other than the present matter and, if so, state whether you were Plaintiff or Defendant, the nature of the action and the date and court in which such suit was filed.

_____

PETER CAMPBELL

STATE OF FLORIDA
COUNTY OF DUVAL

     The foregoing instrument was acknowledged before me on this _____ day of _____, 2010, by PETER CAMPBELL, who is    personally known    to    me    or    who    has    produced    _____ _____,    as    identification    and    who _____ (did/did not) take an oath.

_____

NOTARY PUBLIC (signature)

_____

NOTARY PUBLIC (typed, printed or stamped)

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.: 10-CA-235
DIVISION: A

PETER CAMPBELL,

      Plaintiff,

vs.

JERAD HANDLEY and CENTURY
AMBULANCE SERVICE, INC.,

      Defendants.

_____/

## DEFENDANT'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF

Pursuant to Rule 1.350 of the Florida Rules of Civil Procedures, the Defendants, Jerad Handley and Century Ambulance Service, Inc., request that the Plaintiff produce for inspection and/or copying the following described documents or items within the time prescribed by law:

1.    Copies of any and all medical bills, doctor bills, hospital bills, medication bills, ambulance bills, physical therapy bills, and bills for other similar expenses incurred as a result of and related to the injuries which are the subject of this lawsuit.

2.    All claims forms or medical reports submitted on your behalf under medical payments, personal injury protection, health or disability provisions of any insurance policy as a result of the injuries described in the Complaint.

3.     All hospital records for hospitalizations which resulted from the incident described in the Complaint.

4.     All medical reports, opinions, or other written documents from doctors, nurses, other medical practitioners, or other expert witnesses, containing information concerning the injuries you sustained from the incident described in your Complaint.

5.     Any photographs, videotapes, motion pictures or drawings depicting any injuries you sustained in this incident, the scene of the incident and any other matter relevant to this controversy.

6.     Any and all police reports, incident reports, rescue reports and any other reports related to the incident which is the subject matter of this lawsuit.

7.     All documents which you contend support or document the amount of loss you have sustained from inability or diminished ability to earn a living as a result of the incident described in the complaint.

8.     All documents which you contend support or document your loss of earnings.

9.     Income tax returns, W-2 Forms, and all schedules and attachments thereto for the five (5) years prior to and including the year of the incident which is the subject matter of this lawsuit.

10.     Copies of all written or transcribed statements made or given by any witness regarding this claim.

11.    Copies of all written or transcribed statements made or given by Defendant or Defendant's employees or agents regarding this claim.

12.    Copies of all written or transcribed statements made or given by Plaintiff regarding this claim.

13.    Copies of all reports of experts which express findings of facts or opinions regarding any of the issues relevant to this lawsuit.

14.    Copies of any and all exhibits which Plaintiff intends to introduce at trial.

15.    A photograph of the Plaintiff depicting his appearance at or about the time of the subject incident along with a current photograph of the Plaintiff.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to: Megan L. Searls, Esq., 76 South Laura Street, Suite 1100 Jacksonville, FL 32202, by U.S. Mail, this ___6th___ day of ___May___, 2010.

HOWELL & O'NEAL

JOHN MOFFITT HOWELL
Florida Bar No.: 243027
One Independent Drive, Suite 2902
Jacksonville, Florida 32202
(904) 353-0024
(904) 353-0061 (Fax)
Attorneys for Defendants Handley
and Century Ambulance

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.: 10-CA-235
DIVISION: A

PETER CAMPBELL,

      Plaintiff,

vs.

JERAD HANDLEY and CENTURY
AMBULANCE SERVICE, INC.,

      Defendants.

_____/

## NOTICE OF HEARING

Please take notice that on the **4th day of June, 2010 at 9:30 am.**, or as soon thereafter as

counsel can be heard, the undersigned will bring on to be heard the **Motion to Set For Jury Trial**,

before the Honorable Judge **Brian Davis**, one of the Judges of the above Court, at his Chambers in

the Nassau County Courthouse, 416 Centre Street, Fernandina Beach, FL 32034, Florida.

PLEASE GOVERN YOURSELF ACCORDINGLY.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished,

by U.S. Mail – postage paid, this ___12th___ day of May, 2010, to: John Moffitt Howell, Esquire,

HOWELL & O'NEAL, One Independent Drive, Suite 2902, Jacksonville, Florida 32202.

Megan Searls, Esquire
FBN 0794341
Morgan & Morgan, P.A.
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Attorneys for Plaintiffs

CASE NO.: 10-CA-235

## TRIAL SET MEMORANDUM

### (PLEASE COMPLETE BEFORE PRESENTING TO COURT)

JURY TRIAL: ___X___        NON-JURY TRIAL _____

ESTIMATED TIME FOR TRIAL: _3_ Days        _____ Hours

MEDIATOR DESIRED: _____

CASE STYLE: _Peter Campbell_, PLAINTIFF(S)
_Jerad Handley and_
_Century Ambulance Service, Inc._ DEFENDANT(S)

TYPE OF CASE: _Auto Negligence_

ISSUES: _Liability & Damages_

Expert Witness: __✓__ 60/45 _____ 90/60 _____ 120/90

ATTORNEY(S) FOR PLAINTIFF(S):    ATTORNEY(S) FOR DEFENDANT(S):

Name _Megan Searls_        Name _John Moffitt Howell_

Address _76 S. Laura St, Ste 1100_  Address _1 Independent Dr, Ste 2902_

City and Zip Code _Jacksonville 32202_    City and Zip Code _Jacksonville 32202_

Telephone No. _(904) 398-2722_    Telephone No _(904) 353-0024_

Name _____        Name _____

Address _____        Address _____

City and Zip Code _____    City and Zip Code _____

Telephone No. _____    Telephone No. _____

TRIAL DATE: WEEK OF _____    PRETRIAL _____

DATE CERTAIN: _____    PRETRIAL _____

MEDIATOR: _____

DATE: _____

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.: 10-CA-235
DIVISION: A

PETER CAMPBELL,

      Plaintiff,

vs.

JERAD HANDLEY and CENTURY
AMBULANCE SERVICE, INC.,

      Defendants.

_____/

## DEFENDANTS' FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF

    The Defendants, JERAD HANDLEY and CENTURY AMBULANCE SERVICE, INC., pursuant to the provisions of Rule 1.370, Florida Rules of Civil Procedure, hereby request that the Plaintiff admit or deny the following:

    1.    The matter in controversy in this cause exceeds the sum or value of $75,000.00, exclusive of interest and costs.

    2.    The matter in controversy in this cause does not exceed the sum or value of $75,000.00, exclusive of interest and costs.

HOWELL & O'NEAL

JOHN MOFFITT HOWELL
Florida Bar No.: 243027
One Independent Drive, Suite 2902
Jacksonville, Florida 32202
(904) 353-0024
(904) 353-0061 (Fax)
Attorneys for Defendants Handley
and Century Ambulance

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has

been furnished to: Megan L. Searls, Esq., 76 South Laura Street, Suite 1100

Jacksonville, FL 32202, by facsimile and U.S. Mail, this 17TH day of May,

2010.

ATTORNEY

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.: 10-CA-235
DIVISION: A

PETER CAMPBELL,

     Plaintiff,

vs.

JERAD HANDLEY and CENTURY
AMBULANCE SERVICE, INC.,

     Defendants.

_____/

## DEFENDANTS' RESPONSE TO
## PLAINTIFF'S FIRST REQUEST TO PRODUCE

The Defendants, JERAD HANDLEY and CENTURY AMBULANCE SERVICE, INC., by and through their undersigned attorneys, hereby respond to the Plaintiff's First Request to Produce (served together with the Summons and Complaint), saying:

1.    Objection is respectfully made to this request upon the ground that it seeks the privileged work product of these Defendants. A Privilege Log will be forthcoming if any statements (other than by the Plaintiff himself) are discovered by these Defendants.

2.    Objection is respectfully made to this request upon the ground that it seeks the privileged work product of these Defendants. A Privilege Log will be forthcoming if any statements (other than by the Plaintiff himself) are discovered by these Defendants.

3. Will be produced, if there are any in the possession of these Defendants.

4. Will be produced, if there are any in the possession of these Defendants.

5. Will be produced, if there are any in the possession of these Defendants.

6. Will be produced, if there are any in the possession of these Defendants.

7. This information has been requested and shall be provided to counsel for the Plaintiff as soon as the requested documentation is received by the Defendants' undersigned counsel.

8. This information has been requested and shall be provided to counsel for the Plaintiff as soon as the requested documentation is received by the Defendants' undersigned counsel.

9. This information has been requested and shall be provided to counsel for the Plaintiff as soon as the requested documentation is received by the Defendants' undersigned counsel.

10. None.

11. This information has been requested and shall be provided to counsel for the Plaintiff as soon as the requested documentation is received by the Defendants' undersigned counsel.

HOWELL & O'NEAL

JOHN MOFFITT HOWELL
Florida Bar No.: 243027
One Independent Drive, Suite 2902
Jacksonville, Florida 32202
(904) 353-0024
(904) 353-0061 (Fax)
Attorneys for Defendants Handley
and Century Ambulance

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to: Megan L. Searls, Esq., 76 South Laura Street, Suite 1100 Jacksonville, FL 32202, by facsimile and U.S. Mail, this ___17TH___ day of May, 2010.

_____
ATTORNEY

TRANSACTION REPORT

FOR:  Howell & O'Neal          9043530061

| | SEND | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| DATE | START | RECEIVER | TX TIME | PAGES | TYPE | NOTE | | M# | DP |
| MAY-17 | 03:36 PM | 3982334 | 49" | 6 | FAX TX | OK | | 510 | |

TOTAL :          49S  PAGES:    6

**HOWELL & O'NEAL**
*Professional Association*
*Attorneys at Law*
*One Independent Drive, Suite 2902*
*Jacksonville, Florida 32202*
*(904) 353-0024*
*FAX:  (904) 353-0061*

# FAX  COVER  SHEET

DATE:      May 17, 2010

TO:        Megan Searls, Esq.          Fax #: (904) 398-2334

FROM:      John Howell, Esq.

Re:    Campbell v. Century Ambulance

NUMBER OF PAGES FAXED: _6_ (Including this sheet)

COMMENTS:

Please see attached

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.: 10-CA-235
DIVISION: A

PETER CAMPBELL,

     Plaintiff,

vs.

JERAD HANDLEY and CENTURY
AMBULANCE SERVICE, INC.,

     Defendants.

_____/

## NOTICE OF CANCELLATION OF HEARING

Please take notice that the hearing scheduled on the **4th day of June, 2010 at 9:30 am.**,

before the Honorable Judge **Brian Davis**, one of the Judges of the above Court, at his Chambers in

the Nassau County Courthouse, 416 Centre Street, Fernandina Beach, FL 32034, Florida is hereby

**CANCELLED.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished,

by U.S. Mail and Facsimile – postage paid, this __3rd__ day of June, 2010, to: John Moffitt

Howell, Esquire, HOWELL & O'NEAL, One Independent Drive, Suite 2902, Jacksonville,

Florida 32202.

Megan Searls, Esquire
FBN 0794341
Morgan & Morgan, P.A.
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Telephone No.: (904) 398-2722
Facsimile No.: (904) 398-2334
Attorneys for Plaintiffs

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.: 10-CA-235
DIVISION: A

PETER CAMPBELL,

      Plaintiff,

vs.

JERAD HANDLEY and CENTURY
AMBULANCE SERVICE, INC.,

      Defendants.

_____/

### PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION

COMES NOW the Plaintiff, **PETER CAMPBELL,** by and through the undersigned attorneys, and in response to the Defendant's, **JERAD HANDLEY and CENTURY AMBULANCE SERVICE, INC.,** Request For Production served on or about May 6, 2010, and states as follows:

1.     See hereto attached as Exhibit "A"

2.     See hereto attached as Exhibit "B"

3.     See hereto attached as Exhibit "C"

4.     See hereto attached as Exhibit "D"

5.     See hereto attached as Exhibit "E"

6.     See hereto attached as Exhibit "F"

7.     None.

8.     None.

9.     See hereto attached as Exhibit "G"

10.    None.

11.    None.

12.    None.

13.    None.

14.    None.

15.    None in Plaintiff's custody, control or possession.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, by U.S. Mail – postage paid, this ___16th___ day of June, 2010, to: John Moffitt Howell, Esquire, HOWELL & O'NEAL, One Independent Drive, Suite 2902, Jacksonville, Florida 32202.

Megan Searls, Esquire
FBN 0794341
Morgan & Morgan, P.A.
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Telephone:    (904) 398-2722
Facsimile:    (904) 398-2334
Attorneys for Plaintiff

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.: 10-CA-235
DIVISION: A

PETER CAMPBELL,

      Plaintiff,

vs.

JERAD HANDLEY and CENTURY
AMBULANCE SERVICE, INC.,

      Defendants.

_____/

## PLAINTIFF'S NOTICE OF SERVICE OF ANSWERS TO INTERROGATORIES

      COME(S) NOW the Plaintiff, **PETER CAMPBELL,** by and through the undersigned

attorneys, and gives notice to the Court that the original Interrogatories propounded upon said

Plaintiff, on or about May 5, 2010, and answers thereto have been returned to counsel for

Defendant, **JERAD HANDLEY and CENTURY AMBULANCE SERVICE, INC.,** on this

16th day of June, 2010.

### CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished,

by U.S. Mail – postage paid, this 16th day of June, 2010, to: John Moffitt Howell, Esquire,

HOWELL & O'NEAL, One Independent Drive, Suite 2902, Jacksonville, Florida 32202.

Megan Searls, Esquire
FBN 0794341
Morgan & Morgan, P.A.
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Telephone:    (904) 398-2722
Facsimile:    (904) 398-2334
Attorneys for Plaintiff

## RESPONSE TO INTERROGATORIES TO PLAINTIFF

1.    Please state: your full name; your residence address; your date of birth; your Social Security Number; and your driver's license number.

**Peter Campbell**
**217 Wood Bridge Road**
**Kingsland, GA 31548**

**Date of Birth: 04-30-1961**

**Social Security No.: 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**

**Drivers License No.: 052719681**

2.    List all former names and when you were known by those names. State all addresses where you have lived for the past ten years, the dates you lived at each address, and if you are or have ever been married, the name of your spouse or spouses.

**None.**

3.    Please state the name and address of each person known or reasonably felt by you, your attorney, or other representative, who:

    (a)    Was an eyewitness to the incident described in the Complaint herein;

        **Joshua Weintraub    -Damages**
        **2654 Ridgewood Road**
        **Jacksonville, Florida**

        **Eugene Barashes    - Damages**
        **31092 Grassy Parke Drive**
        **Fernandina Beach, Florida**

        **Jerad Keith Handley    - Liability & Damages**
        **7450 Hielo Drive**
        **Jacksonville, Florida 32211**

    (b)    Was not an eyewitness but has knowledge concerning any of the facts pertaining to either the damages or the accident or occurrence herein involved;

        **All Physicians listed in response #12.**

        **Sharon Campbell    - Liability & Damages**
        **217 Wood Bridge Road**
        **Kingsland, GA 31548**

(c)     Has possession or control of any model, map, drawing or photograph relating to the facts in this case, and if so, briefly describe such model, map, drawing or photograph, and what it purports to represent;

**Not that I can recall.**

(d)     State briefly what each person mentioned above knows about this incident.

**Joshua Weintraub          -Damages**

**Eugene Barashes          - Damages**

**Jerad Keith Handley     - Liability & Damages**

**Sharon Campbell         - Liability & Damages**

4.     State the names, addresses, employers, work positions and field of expertise of all experts, technicians, analyzers, engineers, appraisers and other persons known to you to have made studies or analyses as to the cause of the incident involved herein and the injuries or damage suffered by Plaintiff.

**None.**

5.     As to Each person that you expect to call as an expert witness at the trial of this cause, please state :

(a)     The name and address of this person and the subject matter on which the expert is expected to testify;

(b)     The substance of the facts and opinions to which your expert is expected to testify;

(c)     Give a summary of the grounds for each opinion; and

(d)     Which, if any, of the above listed expert witnesses have rendered a written report concerning their opinions and the name and address of the person presently in possession of such report.

**Undetermined at this time.**

6.     Please describe in detail all injuries sustained by you in the incident described in the Complaint.

**Head, neck, knees, and back.**

7.    With regard to medical treatment or examination which you received for the alleged injuries, please state:

(a)    The name and address of the first doctor you saw following the incident described in the Complaint and the date your first contacted said doctor;

Nassau County Fire Rescue
96135 Nassau Place, Suite 1
Yulee, Florida

Dates of Treatment:
05-21-2009

Baptist Medical Center Nassau
1250 18th Street
Fernandina Beach, Florida

Dates of Treatment:
05-21-2009
06-08-2009

(b)    The name and address of each doctor who has treated or examined you and the dates of such treatment;

Camden Urgent Care and Wellness
Marvin P. Jones, M.D., P.C.
1375 East King Avenue
Kingsland, GA

Dates of Treatment:
05-21-2009
05-23-2009
05-26-2009
06-23-2009
07-06-2009
07-06-2009
07-23-2009
09-16-2009
10-19-2009
03-08-2010
03-22-2010

Dr. Kilgore
11363 San Jose Blvd., Suite 102
Jacksonville, Florida

Dates of Treatment:
Unknown at this time.

**Ace Family Chiropractic**
**575 E. King Avenue**
**Kingsland, GA**

**Dates of Treatment:**
**09-04-2009**
**09-07-2009**
**09-09-2009**
**09-11-2009**
**09-16-2009**
**09-18-2009**
**09-30-2009**
**10-02-2009**
**10-07-2009**
**10-09-2009**
**10-12-2009**
**10-26-2009**
**10-28-2009**
**11-04-2009**
**11-11-2009**
**11-18-2009**
**11-25-2009**
**12-02-2009**
**12-16-2009**
**12-29-2009**
**01-08-2010**
**01-20-2010**
**02-03-2010**
**01-19-2010**
**03-05-2010**
**03-26-2010**
**04-09-2010**
**04-23-2010**

**Advanced Rehabilitation**
**96279 Brady Point Drive**
**St. Marys, GA  31558**

**Dates of Treatment:**
**06-01-2009**
**06-03-2009**
**06-08-2009**
**06-10-2009**
**06-17-2009**
**06-25-2009**
**06-29-2009**
**07-06-2009**

(c)     The name and address of the hospital or other place of treatment or examination and the dates you were confined therein;

**Drs. Mori, Bean, & Brooks**
**3599 University Blvd. South, Bldg. 300**
**Jacksonville, Florida**

**Dates of Treatment:**
**05-21-2009**

**Emergency Resources Group**
**P.O. BOX 11349**
**Daytona Beach, Florida**

**Dates of Treatment:**
**05-21-2009**

**Southeast GA Radiology**
**3020 Shrine Road**
**Brunswick, GA**

**Dates of Treatment:**
**07-28-2009**

**Accounts Recovery International, Inc.**
**P.O. BOX 1673**
**Brunswick, GA 31521-1673**
**Account: Southeast Georgia Health Systems - Camden Campus.**

**Dates of Treatment:**
**07-28-2009**

**Southeast Georgia Health System**
**Camden Campus**
**P.O. BOX**
**Brunswick. GA 3151074**

**Dates of Treatment:**
**03-22-2010**

**Jones Medical Equipment**
**477 South First Street**
**Jesup, GA 31545**

**Dates of Treatment:**
**05-26-2009**

(d)    The name and address of the doctor or doctors still treating you at this time, if any.

**Ace Family Chiropractic**
**575 E. King Avenue**
**Kingsland, GA**

**Camden Urgent Care and Wellness**
**Marvin P. Jones, M.D., P.C.**
**1375 East King Avenue**
**Kingsland, GA**

8.    If you have not recovered your alleged injuries, state how they are affecting you at this time and the nature of any disabilities from such injuries.

**I continue to experience pain with all daily living activities.**

9.    If you have been involved in any accident or incident of any kind either before or after the incident described in the complaint in which personal injury or property damage was sustained, please state:

(a)    The place and date of each of said accident or incident;

(b)    The exact injuries you may have received and the name and address of each and every physician who examined or treated you for each of such injuries.

**I have not been involved in any accident or incident of any kind either before or after the incident described in the Complaint.**

10.    List the names and addresses of your employers during the past ten years and state the job held by you and what your duties were, with dates showing the beginning and end of each such work. If self employed, give the information for said periods of self-employment.

**2006 – Present**
**Quality Life Center**
**1851 University Blvd. South**
**Jacksonville, Florida 32216**
**(904) 398-2020**
**$9/hour**

**2005 - 2006**
**Nurse Finders**
**3728 Phillips Highway**
**Jacksonville, Florida 32207**
**(904) 399-8021**
**$12/hour**

**1996 – 2005**
**2700 W. Cypress Road**
**Ft. Lauderdale, Florida 33309**
**(954) 977-9958**
**$9/hour**

11.   If you, your attorney, your insurance carrier or anyone acting on your or their behalf obtained statements in any form from any person regarding any of the events or happenings that occurred at the scene of the incident referred to in the Complaint before, at the time of, or after said incident, state:

    (a)   The name and address of the person from whom any such statements were taken and the dates on which such statements were taken;

    (b)   The names and address of the persons and employers of such person who took such statements;

    (c)   Whether such statements were written, by recording device, by court reporter or stenographer.

**None that I can recall.**

12.   Please itemize by name and address all medical bills paid or incurred by your in connection with the incident described in the Complaint, including but not limited to, the cost of ambulance, doctor's bills, cost of x-rays, hospital expenses, nurses expenses, cost of medicines, cost of surgical apparatus, and any other costs.

**Camden Urgent Care and Wellness**
**Marvin P. Jones, M.D., P.C.**
**1375 East King Avenue**
**Kingsland, GA**

**Total Charges:   $3,075.00**
**Unpaid Balance: $738.56**

**Accounts Recovery International, Inc.**
**P.O. BOX 1673**
**Brunswick, GA 31521-1673**
**Account: Southeast Georgia Health Systems - Camden Campus.**

**Total Charges:   $1,508.70**
**Unpaid Balance: $1,508.70**

**Southeast Georgia Health System**
**Camden Campus**
**P.O. BOX**
**Brunswick. GA 3151074**

**Total Charges:     $452.00**
**Unpaid Balance: $122.04**

**Jones Medical Equipment**
**477 South First Street**
**Jesup, GA 31545**

**Total Charges:     $97.10**
**Unpaid Balance: $29.13**

**Nassau County Fire Rescue**
**96135 Nassau Place, Suite 1**
**Yulee, Florida**

**Total Charges:     $578.50**
**Unpaid Balance: $578.20**

**Dr. Kilgore**
**11363 San Jose Blvd., Suite 102**
**Jacksonville, Florida**

**Total Charges:     Unknown at this time.**
**Unpaid Balance:  Unknown at this time.**

**Ace Family Chiropractic**
**575 E. King Avenue**
**Kingsland, GA**

**Total Charges:     $2,880.00**
**Unpaid Balance: $2,880.00**

**Baptist Medical Center Nassau**
**1250 18th Street**
**Fernandina Beach, Florida**

**Total Charges:     $2,571.80**
**Unpaid Balance: $2,571.80**

Advanced Rehabilitation
96279 Brady Point Drive
St. Marys, GA  31558

Total Charges:    $1,542.00
Unpaid Balance: $00

Drs. Mori, Bean, & Brooks
3599 University Blvd. South, Bldg. 300
Jacksonville, Florida

Total Charges:    $149.00
Unpaid Balance: $149.00

Emergency Resources Group
P.O. BOX 11349
Daytona Beach, Florida

Total Charges:    $410.00
Unpaid Balance: $410.00
Southeast GA Radiology
3020 Shrine Road
Brunswick, GA

Total Charges:    $273.00
Unpaid Balance: $273.00

13.    Please itemize any other expenses or financial losses which you have paid or incurred
which you attribute to the incident described in the Complaint and further state
whether or not you are claiming any other elements of damages not heretofore listed,
and if so, state the element of damages for which you are seeking recovery and the
amount thereof and the basis for computing same.

Taxi Fare - $27.00
Medication - $150.00
Gas to drive to Doctor Appointments - $200.00

Lost Wages: 4 days at Quality Life Center
$9/hour X 32 hours = $288.00 (wage loss)

14.    Describe in detail, each act or omission on the part of Defendant you contend
constituted negligence that was a contributing legal cause of the accident in question.

Jerad Handley was negligently operating the Ambulance and therefore rear-
ended my vehicle.

15.    Describe in detail how the accident happened, including all actions taken by you to prevent the accident.

**I was driving home from work and Jerad Handley was driving an ambulance behind me and rear-ended the back of my vehicle.**

16.    Have you heard or do you know about any statement or remarked made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit? If so, state the name and address of each person who made the statement or statements, the name and address of each person who head it, and the date, time, place, and substance of each statement.

**No.**

17.    Did you consume any alcoholic beverages or take any drugs or medications within 12 hours before the occurrence of the accident described in the complaint? If so, what type and amount of alcoholic beverages, drugs or medication were consumed and where did you consume them.

**No.**

18.    Have you ever been convicted of a crime? If so, what was the date and place of conviction?

**No.**

19.    Do you wear glasses or contact lenses? If so, who prescribed them, when were they prescribed, when were your eyes last examined and by whom?

**Yes, contact lenses and glasses.**

**Dr, Robert Houghteling**
**1601 Hwy 40 East, Suite N**
**Kingsland, GA 31548**

**My last Exam: 12-31-2009**

20.    Do you wear a hearing aid? If so, Who last examined your ears?

**No.**

21.  Have any benefits been paid or are any payable for the expenses listed in your answers to interrogatories 12 and 13 above? If so, which expenses are covered by insurance, what type of insurance, who paid the premium for the insurance?

**The Rawlings Company LLC**
**Subrogation Division – Aetna Company**
**P.O. BOX  2000**
**LaGrange, Kentucky 40031**

22.  List the names, business address and business telephone numbers of all medical doctors by whom, and all hospitals at which, you have been examined and/or treat in the past ten years.

**Dr. Marvin Jones**
**P.O. BOX 1163**
**St. Marys, GA 31558**

**Dr. Elliot**
**Ft. Lauderdale, FL**

**Dr Green Gateway**
**Kingsland, GA**

23.  Please state if you have ever been a party, either Plaintiff or defendant, in a  lawsuit other than the present matter and, if so, state whether you were Plaintiff or Defendant, the nature of the action and the date and court in which suit was filed.

**No.**

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.: 10-CA-235
DIVISION: A

PETER CAMPBELL,

      Plaintiff,

vs.

JERAD HANDLEY and CENTURY
AMBULANCE SERVICE, INC.,

      Defendants.

_____/

## NOTICE OF SERVING PROPOSAL FOR SETTLEMENT

    Defendant, CENTURY AMBULANCE SERVICE, INC., hereby gives notice

of serving on Plaintiff, Peter Campbell, a Proposal for Settlement, pursuant

to §768.79, Fla. Stat. (As amended).

HOWELL & O'NEAL

JOHN MOFFITT HOWELL
Florida Bar No.: 243027
One Independent Drive, Suite 2902
Jacksonville, Florida 32202
(904) 353-0024
(904) 353-0061 (Fax)
Attorneys for Defendants Handley
and Century Ambulance

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to: Megan L. Searls, Esq., 76 South Laura Street, Suite 1100 Jacksonville, FL  32202, by facsimile and U.S. Mail, this 21ST day of June, 2010.

ATTORNEY

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.: 10-CA-235
DIVISION: A

PETER CAMPBELL,

     Plaintiff,

vs.

JERAD HANDLEY and CENTURY
AMBULANCE SERVICE, INC.,

     Defendants.

_____/

## PROPOSAL FOR SETTLEMENT

The Defendant, CENTURY AMBULANCE SERVICE, INC., makes the following proposal for settlement pursuant to Rule 1.442, Fla. R. Civ. P., and Florida Statute §768.79.

### Amount of Proposal and Non-Monetary Terms

Defendant offers to pay TEN THOUSAND AND ONE DOLLARS ($10,001.00) to Plaintiff, Peter Campbell, to resolve all damage claims which have been brought in this action or should have been brought against Jared Handley and Century Ambulance Service, Inc., raised in the Plaintiff's Complaint dated March 17, 2010.

This amount proposed includes all taxable costs incurred to date.

This proposal is to be construed as a separate and distinct offer which is extended in the alternative and not in addition to any other offer which

may be made jointly or individually by Defendant, Century Ambulance Service, Inc..

This proposal is in no way intended to be an admission of liability and Defendant, Century Ambulance Service, Inc., reserves all objections with respect to admissibility of this proposal, or any negotiations related to this proposal, in evidence at trial.

Relevant Conditions

This proposal is expressly conditioned upon Plaintiff, Peter Campbell, executing a release in favor of Defendants, Jared Handley and Century Ambulance Service, Inc., and dismissal of this action and cause of action against Defendants, Jared Handley and Century Ambulance Service, Inc., with prejudice.  A copy of the Proposed Release is attached.

Plaintiff, Peter Campbell, shall satisfy all outstanding liens or subrogation rights applicable to these settlement proceeds.

Attorneys Fees

Attorney fees are not applicable to this proposal.

HOWELL & O'NEAL

JOHN MOFFITT HOWELL
Florida Bar No.: 243027
One Independent Drive, Suite 2902
Jacksonville, Florida 32202
(904) 353-0024
(904) 353-0061 (Fax)
Attorneys for Defendants Handley
and Century Ambulance

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has

been furnished to: Megan L. Searls, Esq., 76 South Laura Street, Suite 1100

Jacksonville, FL  32202, by facsimile and U.S. Mail, this 21ST day of June,

2010.

ATTORNEY

## **COMPLETE RELEASE AND INDEMNIFICATION AGREEMENT**

WHEREAS, the Undersigned, Peter Campbell, (hereafter referred to as the "Undersigned") has a claim against Jerad Handley and Century Ambulance Service, Inc., and their insurers, (all of whom are hereafter referred to as "Defendants"), based upon the contention that Century Ambulance Service, Inc., through its employee driver, Jared Handley, negligently operated its vehicle, thereby causing bodily injuries to the Undersigned, on or about May 21, 2009; and

WHEREAS, the Undersigned has instituted and there is now pending in the Circuit Court, Fourth Judicial Circuit, in and for  Nassau County Florida, an action (Numbered 10-CA-235 in said Court) upon said claim against said Defendants, as defendants in said cause; and

WHEREAS, said Defendants in good faith and verily believing that said claim is not a valid one, are contesting said action, and there is a valid foundation for the Defendants' defense of said action; and

WHEREAS, the parties to this release desire to compromise and settle the said claim and said action rather than to incur the expense and uncertainty of the result of the litigation of said action; and

WHEREAS, the  nature, character and extent of the injury and damages claimed by the Undersigned is severally at this date largely unknown, and that fact is one of the major factors in the minds of the parties hereto in determining that said claim and said action should be compromised and settled;

NOW, THEREFORE, IN CONSIDERATION OF THE PREMISES, in the absence of any of which this release would not be executed and delivered by the Undersigned nor accepted by said Defendants, and of the benefits and advantages anticipated by the Undersigned and by said Defendants from the compromise and settlement of said claim and said action, and in consideration also of the sum of TEN THOUSAND AND ONE DOLLARS ($10,001.00), the receipt of which is hereby acknowledged, the Undersigned has acquitted, released, exonerated and discharged, and does hereby acquit, release, exonerate and discharge said Defendants, their successors, legal representatives and assigns, of and from any and all obligation, liability or responsibility under the laws of the State of Florida, of any other state of the United States of America, and of the United States of America, for, from, upon, under, on account of, or growing or arising out of, said claim or said action, including (but not by these specific references excluding any other elements of obligation, liability or responsibility in respect of said occurrence) all damages, losses, costs, charges and expenses, of every kind, nature and character, now

existing or hereafter arising, known or unknown or hereafter becoming known, accrued or hereafter accruing, resulting directly or indirectly, proximately or remotely, from all and any of the matters and things embraced in said claim and in said action, and does hereby acknowledge full and complete compromise and settlement, accord and satisfaction and payment thereof and therefor.

As a further consideration and inducement for this compromise settlement, the Undersigned represents and warrants that no claims which **he** has or might have had against the Defendants arising out of or concerning the subject matter of this Release have been assigned or transferred to any other person or entity, and the Undersigned agrees to indemnify and hold harmless the Defendants from any and all liability, attorneys' fees, costs, or expense resulting from the assignment or transfer of any such claims. The Undersigned further represents and warrants that the consideration specified herein from the Defendants to the Undersigned is not subject to any hospital liens, charging liens, or any other liens, and the Undersigned agrees to indemnify and hold harmless the Defendants from any and all liability, attorneys' fees, costs, or expense resulting from the Defendants' payment of such consideration to the Undersigned that would be subject to any such lien.

The hereinabove recited consideration is the full, complete and entire consideration for this release, and there is no agreement, oral or written, express or implied, whereby the Undersigned is to receive at any time, or in any event, or upon the happening of any contingency, or upon the development or discovery of any fact, circumstance or condition any further consideration of any kind whatsoever from said Defendants for, or on account of, any other matter, circumstance or thing whatsoever; and in consideration of the premises, the Undersigned hereby agrees that **he** will not, and that **his** heirs, legal representatives and assigns shall not, hereafter file or institute in any court any other suit against said Defendants, for, on account of, or in respect of, said claim or any of the matters and things alleged in said action, and that to any other suit or action which nevertheless may be hereafter brought against the Defendants on account of, or in respect of, any of the matters and things involved in said claim and in said action this release shall be a complete and conclusive defense for and in favor of the Defendants.

The Undersigned has read this release in the presence of **his** undersigned attorney(s) in said cause, and understands the purport, tenor and effect of this release. It contains and sets forth the entire agreement between the parties hereto, and there is no part of the agreement between them in respect of the premises which is not fully, completely, accurately and truly set forth herein.

IN WITNESS WHEREOF, I have hereunto set my hand and seal in the City of Jacksonville, in the State of Florida, on this _____ day of _____, 2010.


_____          _____
Witness                                    PETER CAMPBELL


_____
Witness


The execution and delivery of the foregoing document is approved this _____ day of _____, 2010.


_____
Attorney for Plaintiff

```
                                                                      P. 01
                        TRANSACTION REPORT
                        _____         JUN-21-2010 MON 03:03 PM

        FOR:  Howell & O'Neal          9043530061

    SEND
  DATE   START    RECEIVER        TX TIME  PAGES TYPE      NOTE           M#  DP
  JUN-21 03:02 PM 3982334          1'32"     9  FAX TX     OK             588

                                   TOTAL :   1M 32S  PAGES:   9
```

**HOWELL & O'NEAL**
**Professional Association**
**Attorneys at Law**
One Independent Drive, Suite 2902
Jacksonville, Florida 32202
(904) 353-0024
FAX: (904) 353-0061

# FAX COVER SHEET

DATE:    June 21, 2010

TO:      Megan Searls, Esq.        Fax #: (904) 398-2334

FROM:    John Howell, Esq.

Re:   Campbell v. Century Ambulance Service, Inc.

NUMBER OF PAGES FAXED: __9__ (Including this sheet)

COMMENTS:

Please see attached

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.: 10-CA-235
DIVISION: A

PETER CAMPBELL,

     Plaintiff,

vs.

JERAD HANDLEY and CENTURY
AMBULANCE SERVICE, INC.,

     Defendants.
_____/

### DEFENDANTS' MOTION TO COMPEL RESPONSE TO
### DEFENDANTS' FIRST REQUEST FOR ADMISSIONS

The Defendants, JERAD HANDLEY and CENTURY AMBULANCE SERVICE, INC., by and through their undersigned attorneys, and pursuant to Rule 1.370, Florida Rules of Civil Procedure, respectfully move the Court to render and enter an appropriate Order herein, requiring the Plaintiff to respond to the Defendants' First Request for Admissions (served by facsimile and U.S. Mail, May 17, 2010), for the reasons hereinafter stated:

1.    On May 17, 2010 the Defendants served the Plaintiff with a First Request for Admissions, a copy of which is attached hereto as Exhibit "A".

2.    The purpose of the Defendants' First Request for Admissions is to determine whether or not this cause is removable to Federal Court.

3.    The Plaintiff has refused and/or failed to respond to Defendants' First Request for Admissions. Such refusal and/or failure on the part of the

Plaintiff has resulted in ambiguous "admissions" by Plaintiff. By Plaintiff's refusal and/or failure to respond to the First Request for Admissions, the Plaintiff has now "admitted" that the matter in controversy both exceeds, and does not exceed, the sum or value of $75,000. Consequently, confusion has resulted as a result of the twin inapposite "admissions."

4.    On June 21, 2010 the Defendants' undersigned counsel wrote to counsel for the Plaintiff regarding the dilemma and requesting that Plaintiff "clear up" the confusion created by the contrary, inconsistent "admissions." A copy of said letter is attached hereto as Exhibit "B".

5.    As of the date hereof, the Defendants have not received a response to undersigned counsel's above-referenced letter.

6.    This lawsuit was filed with this Court on March 22, 2010. *28 U.S.C. §1446(b)* imposes a limit of one year from commencement of the action to petition for removal to the Federal District Court. Therefore, the Defendants have until March 22, 2011, within which to remove this case to Federal Court.

7.    A request for admissions is a proper method to ascertain the amount in controversy for removal purposes. *Bonnell v. Seaboard Airline Railroad Co.*, 202 F. Supp. 53 (N.D. Fla. 1962).

8.    Because *28 U.S.C. §1446(b)* imposes a limit of one year from commencement of the action to petition for removal to the Federal District Court, these Defendants will suffer the "irreparable injury" of losing their

right to remove unless the Plaintiff is compelled to definitively answer the Defendants' First Request for Admissions at some point prior to that one year deadline – namely, by March 22, 2011. *K-Mart Corp. v. Fernandez*, 623 So. 2d. 846, 847 (Fla. 2nd DCA 1993).

WHEREFORE, the Defendants respectfully request that this Court enter an Order compelling the Plaintiff to disclose whether or not this case is removable to Federal Court.

Respectfully submitted,

HOWELL & O'NEAL

JOHN MOFFITT HOWELL
Florida Bar No.: 243027
One Independent Drive, Suite 2902
Jacksonville, Florida 32202
(904) 353-0024
(904) 353-0061 (Fax)
Attorneys for Defendants Handley
and Century Ambulance

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to: Megan L. Searls, Esq., 76 South Laura Street, Suite 1100 Jacksonville, FL 32202, by U.S. Mail, this 15TH day of July, 2010.

ATTORNEY

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.: 10-CA-235
DIVISION: A

PETER CAMPBELL,

      Plaintiff,

vs.

JERAD HANDLEY and CENTURY
AMBULANCE SERVICE, INC.,

      Defendants.

_____/

## NOTICE OF HEARING

Please take notice that on the **16th day of August, 2010 at 9:30 am.**, or as soon thereafter as counsel can be heard, the undersigned will bring on to be heard the **Motion to Set For Jury Trial**, before the Honorable Judge **Brian Davis**, one of the Judges of the above Court, at his Chambers in the Nassau County Courthouse, 416 Centre Street, Fernandina Beach, FL 32034, Florida.

PLEASE GOVERN YOURSELF ACCORDINGLY.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, by U.S. Mail – postage paid, this _22nd_ day of July, 2010, to: John Moffitt Howell, Esquire, HOWELL & O'NEAL, One Independent Drive, Suite 2902, Jacksonville, Florida 32202.

Megan Searls, Esquire
FBN 0794341
Morgan & Morgan, P.A.
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Attorneys for Plaintiffs

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.: 10-CA-235
DIVISION: A

PETER CAMPBELL,

      Plaintiff,

vs.

JERAD HANDLEY and CENTURY
AMBULANCE SERVICE, INC.,

      Defendants.

_____/

## NOTICE OF HEARING

PLEASE TAKE NOTICE that on Thursday, September 2, 2010, at 4:45 p.m., the undersigned will bring on to be heard the Defendants' Motion to Compel Response to its First Request for Admissions, before the Honorable Brian Davis, one of the Judges of the above Court, at his Chambers in the Nassau County Courthouse, 416 Centre Street, Fernandina Beach, Florida, 32034.

Time allotted for this hearing is fifteen (15) minutes.

PLEASE GOVERN YOURSELF ACCORDINGLY.

Dated this 17 day of August, 2010.

HOWELL & O'NEAL

JOHN MOFFITT HOWELL
Florida Bar No.: 243027
One Independent Drive, Suite 2902
Jacksonville, Florida 32202
(904) 353-0024
(904) 353-0061 (Fax)
Attorneys for Defendants Handley
and Century Ambulance

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to: Megan L. Searls, Esq., 76 South Laura Street, Suite 1100 Jacksonville, FL 32202, by U.S. Mail, this 17 day of August, 2010.

ATTORNEY

2

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.: 10-CA-235
DIVISION: A

PETER CAMPBELL,

     Plaintiff,

vs.

JERAD HANDLEY and CENTURY
AMBULANCE SERVICE, INC.,

     Defendants.

_____/

## NOTICE OF SERVING UNVERIFIED ANSWERS TO PLAINTIFF'S INTERROGATORIES

Notice is hereby given that Defendant has served its answers to Plaintiff's Interrogatories this _19th_ day of August, 2010.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to: Megan L. Searls, Esq., 76 South Laura Street, Suite 1100 Jacksonville, FL 32202, by U.S. Mail, this _19th_ day of August, 2010.

HOWELL & O'NEAL

JOHN MOFFITT HOWELL
Florida Bar No.: 243027
LAURA P. HOWELL
Florida Bar No.: 0073521
One Independent Drive, Suite 2902
Jacksonville, Florida 32202
(904) 353-0024

(904) 353-0061 (Fax)
jhowell@howelloneal.com
lhowell@howelloneal.com
Attorneys for Defendants

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.: 10-CA-235
DIVISION: A

PETER CAMPBELL,

      Plaintiff,

vs.

JERAD HANDLEY and CENTURY
AMBULANCE SERVICE, INC.,

      Defendants.

_____/

## ANSWERS TO PLAINTIFF'S INTERROGATORIES

1.    With the assistance of counsel:
      James Allen, Director of Safety
      Century Ambulance Service
      2103 Gilmore Street
      Jacksonville, FL 32204
      (904) 356-2828

2.    Unknown at this time, as discovery has just begun.

3.    The Plaintiff, Peter Campbell; the Defendant driver, Jerad Handley; and those individuals/witnesses listed in the accident report – namely, Joshua Weintraub and Eugene Barashes.

4.    None.

5.    None, to the Defendants' knowledge.

6.    No.

7.    No.

8.    Unknown.

9.   According to the accident report, the Defendant driver was cited for "following too closely."

10.  Yes.
     (a) – Insurer: Empire Fire and Marine Insurance Company
     (b) – Liability: $1,000,000
             Personal Injury Protection: Full
             Physical Damage Comprehensive Coverage: $1,000 ded.
             Physical Damage Collision Coverage: $1,000 ded.
     (c) – Policy Number: CL315090

11.  Century Ambulance Service, Inc.
     2144 Roselle Street
     Jacksonville, FL 32207

12.  No.

13.  For the most part, the accident is believed to have occurred as described in the accident report.

14.  Undetermined at this time.

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.: 10-CA-235
DIVISION: A

PETER CAMPBELL,

     Plaintiff,

vs.

JERAD HANDLEY and CENTURY
AMBULANCE SERVICE, INC.,

     Defendants.

_____/

### DEFENDANTS' SUPPLEMENTAL RESPONSE TO
### PLAINTIFF'S FIRST REQUEST TO PRODUCE

The Defendants, JERAD HANDLEY and CENTURY AMBULANCE SERVICE, INC., by and through their undersigned attorneys, hereby further respond to the Plaintiff's First Request to Produce (served together with the Summons and Complaint), saying:

4.    See Composite Exhibit(s) "A1-A2" for photographs of Plaintiff's and Defendants' vehicles, respectively.

7.    See Exhibit "B."

8.    See Exhibit "C."

9.    See Exhibit "D."

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to: Megan L. Searls, Esq., 76 South Laura Street, Suite 1100 Jacksonville, FL 32202, by U.S. Mail, this __19th__ day of August, 2010.

HOWELL & O'NEAL

JOHN MOFFITT HOWELL
Florida Bar No.:   243027
LAURA P. HOWELL
Florida Bar No.: 0073521
One Independent Drive, Suite 2902
Jacksonville, Florida 32202
(904) 353-0024
(904) 353-0061 (Fax)
jhowell@howelloneal.com
lhowell@howelloneal.com
Attorneys for Defendants

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.: 10-CA-235
DIVISION: A

PETER CAMPBELL,

       Plaintiff,

vs.

JERAD HANDLEY and CENTURY
AMBULANCE SERVICE, INC.,

       Defendants.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR ADMISSIONS

COME(S) NOW the Plaintiff, **PETER CAMPBELL**, by and through the undersigned attorneys, and in response to the Defendant's, **JERAD HANDLEY and CENTURY AMBULANCE SERVICE, INC.,** Request for Admissions served on or about May 17, 2010, and states as follows:

1.     Admit.

2.     Denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, by U.S. Mail – postage paid, this 25th day of August, 2010, to: John Moffitt Howell, Esquire, HOWELL & O'NEAL, One Independent Drive, Suite 2902, Jacksonville, Florida 32202.

Megan Searls, Esquire
FBN  0794341
Morgan & Morgan, P.A.
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Telephone:   (904) 398-2722
Facsimile:    (904) 398-2334
Attorneys for Plaintiff

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.: 10-CA-235
DIVISION: A

PETER CAMPBELL,

     Plaintiff,

vs.

JERAD HANDLEY and CENTURY
AMBULANCE SERVICE, INC.,

     Defendants.

_____/

## NOTICE OF CANCELLATION OF HEARING

TO:   ALL COUNSEL OF RECORD

     PLEASE TAKE NOTICE that the hearing presently scheduled for Thursday, September 2, 2010 at 4:45 p.m. on Defendants' Motion to Compel has been cancelled.

            HOWELL & O'NEAL

            JOHN MOFFITT HOWELL
            Florida Bar No.: 243027
            One Independent Drive, Suite 2902
            Jacksonville, Florida 32202
            (904) 353-0024
            (904) 353-0061 (Fax)
            Attorneys for Defendants Handley
            and Century Ambulance

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to: Megan L. Searls, Esq., 76 South Laura Street, Suite 1100 Jacksonville, FL  32202, by U.S. Mail, this 31st day of August, 2010.

ATTORNEY

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.: 10-CA-235
DIVISION: A

PETER CAMPBELL,

     Plaintiff,

vs.

JERAD HANDLEY and CENTURY
AMBULANCE SERVICE, INC.,

     Defendants.

_____/

## NOTICE OF SERVING VERIFIED ANSWERS TO PLAINTIFF'S INTERROGATORIES

Notice is hereby given that Defendant has served its answers to Plaintiff's Interrogatories this _30th_ day of August, 2010.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to: Megan L. Searls, Esq., 76 South Laura Street, Suite 1100 Jacksonville, FL 32202, by U.S. Mail, this _30th_ day of August, 2010.

HOWELL & O'NEAL

JOHN MOFFITT HOWELL
Florida Bar No.:   243027
LAURA P. HOWELL
Florida Bar No.: 0073521
One Independent Drive, Suite 2902
Jacksonville, Florida 32202
(904) 353-0024

(904) 353-0061 (Fax)
jhowell@howelloneal.com
lhowell@howelloneal.com
**Attorneys for Defendants**

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
NASSAU COUNTY, FLORIDA

CASE NO.: 10-CA-235
DIVISION: A

PETER CAMPBELL,

     Plaintiff,

vs.

JERAD HANDLEY and CENTURY
AMBULANCE SERVICE, INC.,

     Defendants.

_____/

## **VERIFIED ANSWERS TO PLAINTIFF'S INTERROGATORIES**

1.    With the assistance of counsel:
James Allen, Director of Safety
Century Ambulance Service
2103 Gilmore Street
Jacksonville, FL 32204
(904) 356-2828

2.    Unknown at this time, as discovery has just begun.

3.    The Plaintiff, Peter Campbell; the Defendant driver, Jerad Handley; and those individuals/witnesses listed in the accident report – namely, Joshua Weintraub and Eugene Barashes.

4.    None.

5.    None, to the Defendants' knowledge.

6.    No.

7.    No.

8.    Unknown.

9.    According to the accident report, the Defendant driver was cited for "following too closely."

10.    Yes.
    (a) – Insurer: Empire Fire and Marine Insurance Company
    (b) – Liability: $1,000,000
        Personal Injury Protection: Full
        Physical Damage Comprehensive Coverage: $1,000 ded.
        Physical Damage Collision Coverage: $1,000 ded.
    (c) – Policy Number: CL315090

11.    Century Ambulance Service, Inc.
2144 Roselle Street
Jacksonville, FL 32207

12.    No.

13.    For the most part, the accident is believed to have occurred as described in the accident report.

14.    Undetermined at this time.

_____ For
CENTURY AMBULANCE SERVICE, INC.

8/23/2-1-0
Date

STATE OF _Florida_

COUNTY OF _Duval_

BEFORE ME, the undersigned authority, personally appeared CENTURY AMBULANCE SERVICE, INC. who is personally known to me or who furnished identification in the form of _____, and who, after being first duly sworn, deposes and says that the foregoing is true and correct to the best of his knowledge, information and belief, and that he subscribed his name hereto in certification thereof.

8/23/10
Date

NOTARY PUBLIC

NOTARY PUBLIC-STATE OF FLORIDA
H. S. Smith
TYPE OR PRINT NAME    Commission # EE011320
Expires:  AUG. 12, 2014
BONDED THRU ATLANTIC BONDING CO., INC.

My Commission Expires: