**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PETER CAMPBELL,

    Plaintiff,

vs.                                                      Case No. 3:10-cv-876-J-34TEM

JERAD HANDLEY and CENTURY
AMBULANCE SERVICE, INC.,

    Defendants.
_____

## ORDER[1]

This case is before the Court on Plaintiff's Motion For Remand (Doc. 6; Motion), to which Defendants have filed a response. (Doc. 9; Response). The Motion is fully briefed and ripe for resolution.

**I.    Background**

On March 22, 2010, Plaintiff filed a two-count Complaint against Defendants in the state Circuit Court, Fourth Judicial Circuit, in and for Nassau County, Florida, alleging that Defendants were negligent in connection with a motor vehicle accident which occurred in Yulee, Nassau County, Florida, on or about May 21, 2009. (Doc. 2; Complaint). On September 24, 2010, Defendants filed a joint Notice of Removal, removing this case from the state Circuit Court. (Doc. 1; Notice). In the Notice, Defendants assert that this Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332 because "[t]his matter is

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

between citizens of different states" and "[c]omplete diversity existed between the Plaintiff and the Defendants at the time the Plaintiff commenced this action in state court, and exists at the time this Notice is filed." Notice ¶¶ 2, 6. Specifically, Defendants assert

> 3. The Plaintiff is/was a resident of Kingsland, Camden County, Georgia.
>
> 4. Defendant, Jerad Handley, is/was a resident of Jacksonville, Duval County, Florida.
>
> 5. The Defendant, Century Ambulance Service, Inc., is a Florida corporation, with its principal place of business in Jacksonville, Duval County, Florida.

Id. ¶¶ 3-5. Additionally, Defendants assert that based on Plaintiff's response to Defendants' Request for Admissions, served by mail on August 25, 2010, "the matter in controversy exceeds the value of $75,000.00, exclusive of costs and interest." Id. ¶ 7.

Defendants' allegations in their Notice regarding citizenship mirror those set forth in Plaintiff's Complaint. Plaintiff alleged in his Complaint that he resides in "Kingsland, Camden County Florida." Complaint ¶ 2.[2] He further alleged that "Defendant, Jerad Handley, was a natural person residing in Jacksonville, Duval County, Florida," and that "Defendant, Century Ambulance Service, Inc., is and was a corporation authorized to do business and doing business in the State of Florida." Complaint ¶¶ 3, 4.

Plaintiff seeks remand of this action to state court arguing that "[t]he Defendants admit that each is a citizen of the State of Florida," "both Defendants are citizens of Florida, the

---

[2] Plaintiff's Response to Interrogatories propounded by Defendants lists Plaintiff's residence address as being in Kingsland, Georgia. (See Doc. 1 at 42; Response to Interrogatories). Plaintiff does not address this apparent discrepancy in his papers. The Court takes judicial notice that "Kingsland, Camden County" is located in Georgia and not Florida. See Shahar v. Bowers, 120 F.3d 211, 214 (11th Cir. 1997)(court may take judicial notice of matters of geography). The Court notes that Plaintiff's residence does not provide the basis for the Court's ruling in this matter.

state in which the original action was brought," and that pursuant to 28 U.S.C. § 1441(b), "jurisdiction is not proper over the parties to this action and remand is in order." Motion at 1, 2. Second, Plaintiff argues that Defendants' Motion to Remand was untimely inasmuch as "service was perfected on Defendants' on April 1, 2010, but Defendants did not seek removal until September 24, 2010." Id. at 2.[3]

Defendants respond that because Plaintiff is a resident of Georgia[4] and "Defendants are both residents of Florida . . . complete diversity of citizenship exists because Defendants satisfy the requirements of 29 [U.S.C.] § 1332(a)." Response at 2. Defendants also argue that their Notice of Removal is timely based upon Plaintiff's August 25, 2010 admission that damages were "over seventy-five thousand dollars ($75,000)." Id. at 2-3. Defendants did not respond to Plaintiff's argument that as forum defendants, they could not remove this case in view of the requirements of 28 U.S.C. § 1441(b).

## II.  **Discussion**

Pursuant to 28 U.S.C. § 1441, a civil action brought in state court may be removed to a federal district court only where the district court would have original jurisdiction over an action. See 28 U.S.C. § 1441(a). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory

---

[3] Plaintiff cites 28 U.S.C. § 1441(e)(1) as the basis for his argument that Defendants' Notice of removal is untimely because it "must be filed within 30 days of when Defendant becomes aware of the suit." Motion at 2. Section 1441(e)(1) refers to actions brought under 28 U.S.C. § 1369, which refers to actions arising out of a single accident where at least 75 natural persons have died. More likely, Plaintiff is referring to 28 U.S.C. § 1446(b), which describes a thirty day procedural deadline for filing a notice of removal. Again, this apparent discrepancy does not affect the Court's decision in this matter.

[4] Defendants "are confident" that reference in Plaintiff's Complaint to Plaintiff's residence as being in Florida "is a typographical error and Plaintiff resides in Kingsland, Camden County, Georgia." Response at 2 n.1.

grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).  In order for a federal court to have diversity jurisdiction over an action pursuant to Section 1332(a), the parties must be citizens of different states and the amount in controversy must exceed $75,000.00  See 28 U.S.C. § 1332(a).  Moreover, Section 1332(a) has been interpreted to require complete diversity among the parties in that "all plaintiffs must be diverse from all defendants." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 412 (11th Cir. 1999).

In addition, 28 U.S.C. § 1441(b), which governs the removal of a state action to federal court by a defendant, provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. <u>Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought</u>.

28 U.S.C. § 1441(b)(emphasis added).  In accordance with this statute, a defendant may only remove a case to federal court based upon diversity jurisdiction if no properly named defendant is "a citizen of the state in which such action is brought." See Caterpillar v. Lewis, 519 U.S. 61, 68-69 (1996) (quoting 28 U.S.C. § 1441(b)); see also Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998) (finding that "[d]iversity will not support removal jurisdiction . . . if any of the properly joined defendants are citizens of the state in which the suit was originally filed.").  Thus, remand may be warranted when a case is removed on diversity of citizenship grounds and there is a properly joined defendant who is

Case 3:10-cv-00876-MMH-TEM   Document 10   Filed 10/27/10   Page 5 of 7 PageID 129

a citizen of the state in which the action was filed.  See Moore v. N. Amer. Sports, Inc., __ F.3d __, 2010 WL 4054415, at *2 (11th Cir. Oct. 18, 2010); Henderson v. Washington Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006) (citing Lincoln Prop. Co. v. Roche, 546 U.S. 81, 90 (2005) (citing 28 U.S.C. § 1441(b)).

Here Plaintiff specifically raised the so-called "forum defendant" provision, 28 U.S.C. § 1441(b), and has not waived its requirements.  See Pacheco de Perez, 139 F.3d at 1372 n.4.  Thus, the Court examines the citizenship of the named Defendants.  The Court's inquiry is not limited to the Complaint.  Rather, federal courts "consider the facts disclosed on the record as a whole in determining the propriety of removal." Villarreal v. Brown Express, Inc., 529 F.2d 1219, 1221 (5th Cir. 1976).[5]  Thus, the Court may rely upon the plaintiff's complaint, the information contained in the notice of removal, and any other relevant materials in the record. Stevens v. Nichols, 130 U.S. 230, 231 (1889).

A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257–58 (11th Cir. 2002) (quotation and citation omitted).  "Citizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person." Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994); see also Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'[d]omicile' is not necessarily synonymous with 'residence'").  While the record in this action discloses only Plaintiff's and Defendant

---

[5] In Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

-5-

Handley's residences and not their state of citizenship, this pleading deficiency is not consequential given the allegations regarding the citizenship of Defendant Century Ambulance Service, Inc.

A corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021 n.1 (11th Cir. 2004). Here, the parties identify corporate Defendant Century Ambulance Service, Inc. as being "a corporation authorized to do business and doing business in the States of Florida," Complaint ¶ 4, and as being "a Florida corporation, with its principal place of business in Jacksonville, Duval County, Florida." Notice ¶ 5. Thus, based upon the record before the Court, corporate Defendant Century Ambulance Service, Inc. is a citizen of the state of Florida, the state in which Plaintiff's claim was originally brought. Accordingly, this case was not removable to federal court because one of the named defendants is "a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); see also Moore, 2010 WL 4054415, at *2.; Florence v. Crescent Resources, LLC, 484 F.3d 1293, 1297 (11th Cir. 2007).

Upon due consideration, it is hereby

**ORDERED**:

1.  Plaintiff's Motion For Remand (Doc. 6) is **GRANTED**.

2.  The Clerk of the Court is **DIRECTED** to remand this case to the Circuit Court of the Fourth Judicial Circuit, in and for Nassau County, Florida, and to transmit a certified copy of this Order to the Clerk of that court.

3. The Clerk is further directed to terminate all pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 26th day of October, 2010.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc12
Copies to:
Counsel of Record